Providence Body Company vs. Providence Transit Concrete Corp. } No. 92132.

June 8, 1934.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $771.81.

This is an action to recover the price agreed upon for the repair of a concrete mixer. The machine had been damaged in an accident which occurred while the drum of the machine was full of concrete.

The plaintiff's contention is that the parts of the machine damaged in the accident were repaired by it in a workmanlike manner; that although at the conclusion of the repairs the mixer did not operate perfectly, such imperfection in its operation as existed was due to the fact that certain parts had become worn through use prior to the accident.

The defendant, on the other hand, asserts that the plaintiff corporation was not equipped to make repairs on a concrete mixer; that repairs were not properly made and that it was obliged subsequently to have extensive work done upon the machine in New York before it could be used.

The mixer in question is a type of machine that has been in use for some few years. The various ingredients which enter into the finished concrete are put into the machine, the drum of which revolves, and by the time the machine reaches the place of construction where the concrete is to be used, it has become thoroughly mixed in the drum and is then poured out in a liquid state. In this case, as a result of the accident, the concrete, before it could be poured out of the drum, hardened and much labor was required to be expended in removing it from the drum. In this process of removal, the shell of the drum was damaged and had to be repaired.

Much of the plaintiff's work was not questioned, defendant's criticism being directed more particularly to the drum and to the mechanism involved in turning it. There was testimony supporting the position of the plaintiff and also testimony supporting the stand taken by the defendant. It seems to the Court to be a case in which jurors might reasonably reach different conclusions and the Court cannot say that there was not a reasonable basis for the verdict of the jury as found. Quite likely it might have been the part of wisdom to junk the drum in the beginning, which is virtually what was finally done, without attempting to remove the concrete, but that course was not pursued and the Court cannot say from the evidence that the contract of the plaintiff was not reasonably performed under all the circumstances.

The verdict of the jury does substantial justice between the parties and defendant's motion is therefore denied.

For plaintiff: Ratcliffe G. E. Hicks.

For defendant: Rosenfeld & Hagan.